WETHERELL, J.,
specially concurring.
I agree that we lack jurisdiction to review the order on appeal, and I fully concur in the dismissal of this appeal. I write separately to point out that, with due diligence, the claimant could have easily avoided this needless and improper appeal, the associated attorney’s fees and costs, and the resulting delay in the resolution of his petition for benefits (PFB). I also take this opportunity to propose what, in my view, is a better procedure for the Judges of Compensation Claims (JCC) to follow when dismissing a PFB sua sponte under section 440.25(4)(i).
On January 2, 2008, the claimant filed a PFB seeking permanent total disability (PTD) benefits and employer/carrier (E/ C)-paid attorney’s fees and costs. On February 13, 2009, the JCC issued a sua sponte order dismissing the PFB for lack of prosecution because the docket reflected no statutorily-defined record activity for more than a year. See § 440.25(4)(i), Fla. Stat. (authorizing the JCC to dismiss a PFB for lack of prosecution “if a petition, response, motion, order, request for hearing, or notice of deposition has not been filed during the previous 12 months unless good cause is shown”). The dismissal of the PFB was without prejudice, id., and the order advised the claimant that he had 10 days to file a motion for rehearing or to vacate the order. See Fla. Admin. Code R. 60Q-6.122.
The claimant timely filed a motion to set aside or vacate the dismissal order. Attached to the motion were several notices of deposition that had been served, but not filed, in June 2008. The JCC did not rule on the motion, and the record does not reflect what steps, if any, the claimant took to set the motion for hearing or otherwise obtain a ruling on the motion from the JCC before filing the notice of appeal.
The JCC has an obligation to ensure that his or her cases are moving towards resolution. Thus, I do not fault the JCC for his sua sponte dismissal of the PFB in this case. But, because a motion to vacate an order of dismissal does not toll the time for seeking appellate review of the order, the JCC also has an obligation to promptly rule on such motions. It seems unlikely that the motion filed by the claimant was brought to the JCC’s attention because I am confident that the JCC would have granted the motion and vacated the order based upon the depositions that were noticed and, according to the claimant, actually taken in June 2008. Indeed, it likely would have been an abuse of discretion for the JCC not to vacate the dismissal order under these circumstances.
Although the procedure followed by the JCC in this case comports with the statute, it seems to me that it would be better if, instead of issuing a sua sponte order of dismissal when the docket reflects no statutorily-defined record activity for over a year, the JCC would first issue an order giving the claimant 10 days (or some other reasonable period) to show cause why the PFB should not be dismissed for lack of prosecution. Then, if the absence of record activity is not adequately explained, the JCC could dismiss the PFB. But if an adequate explanation is provided, the JCC could simply discharge the show cause order and the case could proceed. This procedure would help to avoid situations like this case where the explanation is not provided until after the PFB has been dismissed. And in those cases where the dismissal operated as a bar to re-filing the *966 petition because the statute of limitations had run, this procedure would likely result in a better record for appellate review of the JCC’s determination that there was no good cause for the absence of record activity.
That said, in my view, the fault for the needless and improper appeal in this case lies squarely with the claimant, not the JCC, because the claimant could have avoided this appeal in at least five ways. First, the claimant could have filed the notices of deposition at the time they were served, which in my experience, is standard litigation practice and which would have avoided the dismissal order altogether because the docket would have clearly reflected record activity.[1] Second, the claimant could have (and, by rule,[2] should have) conferred with the E/C prior to filing the motion to vacate the dismissal order, and had he done so, he could have represented in the motion that the E/C agreed that the dismissal for failure to prosecute was erroneous. Third, the claimant could have set the motion for a hearing before the JCC in order to obtain a ruling on the motion prior to the deadline for the notice of appeal.[3] Fourth, the claimant could have simply not filed a notice of appeal because under Garcia (and numerous other cases) the order is clearly not an appealable order since, by statute, the dismissal was “without prejudice” and it is undisputed that the statute of limitations had not run and that the claimant could have re-filed the PFB. Fifth, immediately upon filing the notice of appeal, the claimant could have filed a motion with this court to relinquish jurisdiction (although, technically, the court had no jurisdiction to relinquish) for a specified period so that the JCC could rule on the motion to vacate the dismissal order and, presumably, moot the appeal.
With respect to the second and fourth points, it is noteworthy that in lieu of filing an answer brief, the E/C filed what amounts to a confession of error “con-sentfing] to reversal of the order of dismissal and remand with instructions to reinstate [the PFB].” And in reply to the claimant’s response to our order to show cause, the E/C pointed out that medical treatment had been provided to the claimant “within the last year and as recently as March 31, 2010,” which I view in conjunction with the confession of error as a stipulation by the E/C that the statute of limitations does not bar the claimant’s request for PTD benefits and/or as a waiver of any *967 statute of limitations defense to the PFB when it is re-filed. Thus, I see no practical difference between our dismissal of this appeal and the reversal of the dismissal order sought by the claimant in his initial brief and his response to our order to show cause.

. I recognize that Florida Administrative Code Rule 60Q-6.108(l)(c) prohibits the filing of certain discovery documents (e.g., "requests or notices to produce and objections or responses thereto" and "deposition transcripts"), but the rule does not prohibit the filing of notices of deposition. And section 440.25(4)(i) specifically contemplates that such notices will be filed because that is one type of record activity that is specifically listed in the statute.

. See Fla. Admin. Code R. 60Q-6.115(2) ("All motions shall include a statement that the movant has personally conferred or has used good-faith efforts to confer with all other parties or, if represented, their attorneys of record and shall state whether any party has an objection to the motion.”). Had the motion been filed as an unopposed motion, it would have been accompanied by a proposed order, which presumably would increase the likelihood that it would be promptly acted on by the JCC. See Fla. Admin. Code R. 60Q-6.115(3).

. I recognize that Florida Administrative Code Rule 60Q-6.115(4) contemplates the movant not setting a hearing until at least 20 days after a motion is filed in order to take into account the 10-day response period and an additional 10-day period for the JCC to dispose of the motion without a hearing. But I see nothing in the rule that would preclude the movant from attempting to obtain a hearing on a motion on an expedited basis under appropriate circumstances.